# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| KENNETH DARNELL SMITH, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 5:16-CV-186 (MTT) |
| THE GEO GROUP, INC., | ) |
| Defendant. | ) |

## ORDER

Defendant The GEO Group, Inc. has filed a motion for a protective order to conduct ex parte interviews of Plaintiff Kenneth Darnell Smith's treating physicians and to obtain protected health information from those interviews. Doc. 92. Smith has objected to the motion. Doc. 93. For the following reasons, GEO's motion (Doc. 92) is **DENIED**.

## I. BACKGROUND

In May 2016, Smith brought medical malpractice claims under Georgia law against GEO in this Court based on diversity. Doc. 1. With discovery having been closed for nearly a year, GEO has moved for a protective order to conduct ex parte interviews with more than twenty of Smith's non-party physicians, who will likely serve as fact witnesses at trial, to prepare them for its defense. Docs. 46; 92; 92-1 at 2-3; 94. Specifically, GEO seeks to "ask about the following information relating to Mr. Smith's medical conditions: (1) Mr. Smith's cervical disc disease, including any ongoing complaints; (2) The care and treatment rendered to Mr. Smith regarding his cervical disc

disease; (3) Any opinions regarding the cause of any ongoing symptoms and complaints which may be related to his cervical disc disease; (4) Mr. Smith's lumbar disc disease, including any ongoing complaints; (5) care and treatment rendered to Mr. Smith regarding his lumbar disc disease; (6) opinions regarding the cause of any ongoing symptoms and complaints which may be related to his lumbar disc disease; (7) opinions regarding Mr. Smith's prognosis for his cervical and lumbar disc disease." Docs. 92-1 at 3. Smith does not consent to the ex parte interviews. Doc. 93.

## II. DISCUSSION

The Health Insurance Portability and Accountability Act preempts Georgia law with regard to ex parte communications between defense counsel and a plaintiff's physicians. *Moreland v. Austin*, 284 Ga. 730, 733, 670 S.E.2d 68, 71 (2008). To conduct ex parte interviews with a plaintiff's physicians in compliance with HIPAA, GEO must obtain a valid patient authorization, a court order, or must "otherwise comply with the provisions of 45 C.F.R. § 164.512(e)." *Id.* at 734, 670 S.E.2d at 72 (citation omitted). To comply with § 164.512(e), GEO must give the physicians assurance that it has requested a qualified protective order that "(A) [p]rohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and (B) [r]equires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding." Because Smith does not consent to ex parte interviews, GEO has moved for a protective order. Doc. 92.

A protective order is "[a] court order prohibiting or restricting a party from engaging in conduct (esp. a legal procedure such as discovery) that unduly annoys or

burdens the opposing party or a third-party witness." BLACK'S LAW DICTIONARY 1343 (9th ed. 2009). A court may enter a protective order on a party's motion "for good cause shown." FED. R. CIV. P. 26(c). To demonstrate good cause, "[t]he party requesting a protective order must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Dunford v. Rolly Marine Serv. Co.*, 223 F.R.D. 635, 636 (S.D. Fla. 2005) (citations omitted). GEO argues that it has met its burden of showing good cause simply because "[m]edical records or a deposition [that were previously provided to GEO] do not afford GEO with the opportunity to meet with and actually prepare its medical fact witnesses for their trial testimony." Doc. 94 at 3-4. But this is exactly what courts are cautioned of when entering a protective order due to "the potential for defense counsel to influence the health care provider's testimony, unwittingly or otherwise, by encouraging solidarity with or arousing sympathy for a defendant health care provider." *Baker v. Wellstar Health Sys. Inc.*, 288 Ga. 336, 339, 703 S.E.2d 601, 604 (2010).

Smith argues that he would be unable to object "or even be aware of objectionable inquiries" if GEO were allowed to conduct ex parte interviews, and that GEO "cannot point to any meaningful benefits—other than an unfair strategic advantage—that would outweigh these considerable negative consequences of ex parte meetings." Doc. 93 at 5, 12. The Court agrees. GEO has failed to "make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one," and has thus failed to show good cause.

If a court considers allowing ex parte interviews, then the court must also consider whether circumstances warrant requiring defense counsel to give the plaintiff prior notice of any scheduled interviews and the opportunity to attend. *Baker*, 288 Ga. at 340, 703 S.E.2d at 605. GEO argues that allowing Smith to be present during ex parte interviews "would violate Defendant's work product/trial preparation." Doc. 94 at 6. However, when determining whether a protective order should be issued under Federal Rule of Civil Procedure 26(c), "[t]he standard is whether the movant has shown good cause for such an order"—which GEO has not done—not whether a privilege exists. *Farnsworth v. Procter & Gamble Co.*, 101 F.R.D. 355, 357 (N.D. Ga. 1984). Furthermore, even if the Court were to consider allowing ex parte interviews with the condition that GEO give Smith "prior notice of any scheduled interviews and the opportunity to attend"—or otherwise depose these witnesses, some who have already been deposed—the discovery period ended on June 10, 2018. Doc. 46. Accordingly, a protective order is not warranted.

### III. CONCLUSION

Balancing Smith's rights under HIPAA and, more importantly, Smith's right to a fair trial against GEO's need for individual access to these physicians for trial preparation, the Court finds, easily, that the interests of Smith prevail. Accordingly, GEO's motion for a protective order (Doc. 92) is **DENIED**.

**SO ORDERED**, this 13th day of June, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT
COURT
